B2030 (Form 2030) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

| | | | |
|---|---|---|---|
| In re | **Nichole Cuellar-Lindsey** | Case No. | **19-21954** |
| | Debtor | | (If known) |
| | | Chapter | **Chapter 7** |

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR - AMENDED

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the abovenamed debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | **$1,165.00** |
   | Prior to the filing of this statement I have received | **$1,000.00** |
   | Balance Due | **$165.00** |

2. The source of the compensation paid to me was:

   [✓] Debtor          [ ] Other (specify)

3. The source of the compensation paid to me is:

   [✓] Debtor          [ ] Other (specify)

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| | |
|---|---|
| 8/6/2019 | **/s/ Thomas March** |
| Date | Signature of Attorney |
| | Semrad Law Firm |
| | Name of law firm |

Law Offices of

## The Semrad Law Firm, LLC

Accounting Department
11101 S. Western Ave., Chicago IL 60643
Phone: (855) 206-1524 Email: Accounting@SemradLaw.com
www.DebtStoppers.com

# CREDIT/DEBIT CARD AUTHORIZATION FORM

| | |
|---|---|
| Intake Attorney: | N/A |
| RJS Employee: | tmarch@semradlaw.com |
| Client Name: | Cuellar-Lindsey, Nichole |
| File Number: | 554156-001 |
| Amount Paid Today: | $1000.00 |
| Post-dated Payment Total: | $500.00 |
| Total Paid Under Agreement: | $1500.00 |
| Agreement Type: | Chapter 7 |

**PAYMENT SCHEDULE:**

| DATE | AMOUNT |
|---|---|
| 08/14/2019 | 84.00 |
| 09/14/2019 | 84.00 |
| 10/14/2019 | 84.00 |
| 11/14/2019 | 84.00 |
| 12/14/2019 | 84.00 |
| 01/14/2020 | 80.00 |
| TOTAL | $500.00 |

| | |
|---|---|
| Card Info: | Debit Card |
| Card Number: | 6448 |
| Expiration: | 6/2024 |
| Name: | Cuellar-Lindsey, Nichole |
| Address: | 21337 S. 93rd Ave |
| | Frankfort, IL 60423 |
| Email: | |

**Authorization:**

I authorize The Semrad Law Firm LLC to charge the credit card indicated in this authorization form per the terms outlined above. I understand that this authorization will remain in effect until the full amount of attorney's fees are paid in full, and I agree to notify The Semrad Law Firm of any changes in my account information. I certify I am an authorized user of this credit/debit card and that I will not dispute the scheduled payments with my credit card issuer.

Cardholder Signature: [signature]          Date: 08-05-2019

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

## RECITALS

WHEREAS, The Semrad Law Firm LLC (the "Firm") previously agreed to represent **Nichole Cuellar-Lindsey** (the "Client" or "Clients") conditioned on the Client(s) entering into this agreement after the filing of a Chapter 7 Bankruptcy case to pay the Firm for services rendered after the filing of the case.

WHEREAS, the Client(s) has filed a Chapter 7 Bankruptcy, Case **19-21954** (THE "Case").

WHEREAS, the Firm will forebear from requesting to withdraw from representing Client(s) so long as Client(s) signs this agreement within ten (10) days of the filing of the Case.

WHEREAS, the Client(s) has been advised that in the event Client(s) refuses to sign this agreement, Client(s) will owe no money to the Firm for any services rendered in this Case and the Firm must continue to represent Client(s) in all aspects of this case until permitted by the Bankruptcy Court to withdraw from representation.

WHEREAS, The Client(s) has been advised that in the event Client(s) refuses to sign this agreement, Client(s) may hire another attorney apart from the Firm to represent Client(s) in the Case.

WHEREAS, The Client(s) has been advised that Client(s) may consult another attorney apart from the Firm as to whether Client(s) should enter into this agreement.

**NOW, THEREFORE**, in consideration of the promises and forbearances made herein, the sufficiency of which is hereby expressly acknowledged, the Parties agree to the following:

1. Scope of Representation. The Firm will be representing the Client(s) in all aspects of the Case except for any adversary proceedings that may be filed against the Client(s). The scope of this representation does not include any other civil or criminal proceedings.

2. Fees.

    a. The Firm agrees to provide the following Services:
        i. Advise Client(s) of the requirement to attend the meeting of creditors and notify Client(s) of the date, time, and place of the meeting;
        ii. Advise Client(s) of the requirement to attend a debtor education course and provide a certificate of completion to the Firm;
        iii. Send notice of the Case filing to creditors;

    iv. Correspond with creditors regarding any matters necessary for the administration of the Case, including to cease payroll garnishments, unfreeze bank accounts, or recover property that was improperly seized by a creditor;

    v. Timely submit to the Chapter 7 trustee properly documented proof of income, tax records as well as any other necessary documentation;

    vi. Provide knowledgeable legal representation at the meeting of creditors as well as any continued or rescheduled meetings in time for check-in and the actual examination;

    vii. Timely prepare and file the notice of completion of the debtor education course;

    viii. If the Firm will be employing another attorney to attend the meeting of creditors, personally explain to Client(s), in advance, the role and identity of the other attorneys and provide that attorney with the Case file in sufficient time to review it and properly represent Client(s) at the meeting;

    ix. Timely negotiate with the Trustee regarding any property or actions that the Trustee may pursue that may be adverse to Client(s) interests;

    x. Timely prepare, file, and serve any necessary statements, amended statements, amended schedules and any change of address, in accordance with information provided by you Client(s);

    xi. Monitor all incoming case information, including but not limited to, Reaffirmation agreements, notice of audits by the US Trustee, correspondence from Client(s) or any interested parties;

    xii. Review and negotiate, if necessary, any reaffirmation agreements and personally explain the terms of said agreements to Client(s);

    xiii. Be available to respond to Client(s)' questions throughout the term of the case;

    xiv. Review and timely respond, if necessary, to Trustee motions to dismiss the Case;

    xv. Review and timely respond, if necessary, to motions for relief from stay;

    xvi. Prepare, file, and serve all appropriate motions to avoid liens;

    xvii. Prepare, file, and serve all appropriate motion to redeem;

    xviii. Send *In Re Mendiola* letters to previously undisclosed creditors; and

    xix. Provide any other legal services necessary for the administration of the case; and

    xx. Provide post discharge services such as a review of Client(s)' credit report and advising Client(s) regarding possible discharge violations that may have occurred.

  b. The fee for services provide after the case is filed is **$165.00**

3. Retainers and Payments to the Firm.

    a. The fee being charged is a flat fee for services rendered during the Case and will be applied without the need for the Firm to keep detailed time records for the specific services performed.

    b. Any funds paid to the Firm shall immediately become property of the Firm and will be deposited into the operating account of the Firm and will be used for general expenses of the firm.

    c. While it is ordinarily an option to deposit funds with an attorney that shall remain property of the Client(s) as security for future services, the Firm does not represent clients under such a security retainer because bankruptcy cases require many disparate tasks and functions for the attorneys and support staff; some of which require legal expertise while others may only be ministerial in nature. The benefit to Client(s) is the firm's commitment to perform any and all work necessary to represent Client(s) in this Case.

4. **Right to Hire New Counsel.** Client(s) has the right at any time to terminate the Firm's representation and hire new counsel. Should Client(s) refuse to sign an agreement after the filing of your bankruptcy case to pay the Firm for services rendered after the filing of the Case, and the Firm moves to withdraw from representation, Client(s) is strongly encouraged to hire new counsel.

5. **Conflict Waiver.** There is an inherent conflict wherever attorneys represent debtors in bankruptcy for a fee. The Firm is working to alleviate financial issues, while at the same time charging a fee. There have also previously been cases that questioned whether asking you to sign an agreement after the filing of your bankruptcy case to pay the Firm for services rendered after the filing of your case presents a possible additional conflict of interest. The Firm may only represent you if that representation will not be materially limited by the Firm's own interests. We believe our ability to represent you will not be affected by your ongoing obligation to pay our post-petition fee. By signing this agreement, you are waiving this conflict and are allowing us to represent you. You do not have to waive this conflict of interest and can instead choose for the Firm not to represent you. You also have the right to consult separate counsel to discuss whether you should waive this conflict.

Date:    8/5/2019    3:40 PM

Signed: *Thomas March*
Attorney, The Semrad Law Firm LLC

Client                                                        Client